**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| VANESSA P., | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **NO.  26-1215** |
| | : | |
| OLIVER HEALTHCARE | : | |
| PACKAGING, | : | |
| **Defendant.** | : | |

## <u>MEMORANDUM</u>

**MURPHY, J.**                                                                                      **July 22, 2026**

Vanessa P. commenced this *pro se* civil action alleging claims of employment

discrimination under Title VII and the Americans with Disabilities Act.  She seeks to proceed *in*

*forma pauperis*.  For the following reasons, the court will grant Vanessa P. leave to proceed *in*

*forma pauperis* and dismiss the complaint without prejudice.  She will be granted leave to file an

amended complaint if she can cure the deficiencies noted by the court.

## I.      FACTUAL ALLEGATIONS[1]

Vanessa P.'s allegations are sparse.  She asserts that she was employed by defendant

Oliver Healthcare Packaging (Oliver) until December 18, 2024, and that during her employment

she "was subjected to harassment, discriminatory treatment, and retaliation."  DI 2 at ¶¶ 8-9.  In

particular, she "experienced medical and mental health conditions, including PTSD, which were

known or should have been known to Defendant."  *Id*. at ¶ 10.  She alleges that Oliver "failed to

reasonably accommodate [her] and instead subjected [her] to adverse employment actions."  *Id*.

at ¶ 11.  She asserts that she "was ultimately terminated under circumstances giving rise to an

---

[1] The following allegations are taken from Vanessa P.'s Complaint.  DI 2.  The Court
adopts the sequential pagination supplied by the CM/ECF docketing system.

inference of discrimination and retaliation." *Id*. at ¶ 12.  In the Exhaustion of Administrative Remedies section of her complaint, she asserts that she "filed a charge of discrimination with the appropriate administrative agency" and "received a Notice of Right to Sue and file[d] this Complaint within 90 days of receipt." *Id*. at ¶¶ 6-7.  Based on these allegations, Vanessa P. asserts discrimination, retaliation, and wrongful termination claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA").[2]  *Id*. at 3-4. She seeks back pay, front pay or reinstatement, compensatory damages, and costs.  *Id.* at 4-5.

## II.     STANDARD OF REVIEW

Because Vanessa P. appears to be unable to pay the filing fee in this matter, the court will grant her leave to proceed *in forma pauperis*.  Accordingly, the complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the court to screen and dismiss the complaint if it fails to state a claim.  The court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of the litigation, the court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  "[T]he plausibility paradigm . . . applies with equal force to analyzing the adequacy of claims of employment discrimination." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 212 (3d Cir. 2009).  Conclusory allegations do not suffice.

---

[2] Vanessa P. does not specify the basis of her retaliation and wrongful termination claims, but the court liberally construes her as asserting them under both Title VII and the ADA.

*Iqbal*, 556 U.S. at 678.  The court construes the allegations of a *pro se* litigant liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  However, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim."  *Id.* (quoting *Mala*, 704 F.3d at 245).  An unrepresented litigant also "cannot flout procedural rules - they must abide by the same rules that apply to all other litigants."  *Mala*, 704 F.3d at 245; *see also Doe v. Allegheny Cnty. Hous. Auth.*, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) (*per curiam*) ("While a court must liberally construe the allegations . . . this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8.  *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019).  To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief.  *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011).  The United States Court of Appeals for the Third Circuit explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims."  *Garrett*, 938 F.3d at 93 (citation omitted).  A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue."  *Id.* at 93-94.  The important consideration for the court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits."  *Id.* at 94.

## III.    DISCUSSION

Federal law prohibits employment discrimination based on race, color, religion, sex, national origin, age, and disability.  *See E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015) (citing 42 U.S.C. § 2000e-2(a), 29 U.S.C. § 623; and 42 U.S.C. § 12112).  Vanessa P.'s complaint fails to allege plausible discrimination, retaliation, or wrongful termination claims under either Title VII or the ADA.

### A.    ADA Discrimination and Failure to Accommodate Claims

The court understands Vanessa P. to allege discrimination under the ADA based on wrongful termination and the failure to accommodate her disability.  To state a discrimination claim under the ADA, a plaintiff must assert allegations that raise a reasonable expectation that discovery will reveal evidence that:  (1) she is disabled within the meaning of the ADA; (2) she is otherwise qualified to perform the essential functions of the job, with or without a reasonable accommodation; and (3) she suffered an adverse employment decision as a result of the discrimination.  *Eshleman v. Patrick Indus., Inc.*, 961 F.3d 242, 245 (3d Cir. 2020) (citation omitted).  Discrimination under the ADA "encompasses not only adverse actions motivated by prejudice and fear of disabilities, but also includes failing to make reasonable accommodations for a plaintiff's disabilities."[3]  *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir. 1999).  To state a plausible failure to accommodate claim under the ADA, a plaintiff must allege: "(1) she was disabled and her employer knew it; (2) she requested an accommodation or

---

[3] Under the ADA, a plaintiff is disabled if she (1) has a "physical or mental impairment that substantially limits one or more" of her "major life activities"; (2) has "a record of such an impairment"; or (3) is "regarded as having such an impairment."  *Eshleman*, 961 F.3d at 245 (citing 42 U.S.C. § 12102(1)).  "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working."  42 U.S.C. § 12102(2)(A).

assistance; (3) her employer did not make a good faith effort to assist; and (4) she could have been reasonably accommodated." *Armstrong v. Burdette Tomlin Mem. Hosp.*, 438 F.3d 240, 246 (3d Cir. 2006) (citation modified); *Taylor*, 184 F.3d at 319-20.

Vanessa P. has not plausibly alleged the elements of an ADA discrimination or failure to accommodate claim. Notably, she does not plead that she has a disability under the ADA; she merely states that at some unspecified time she, "experienced medical and mental health conditions, including PTSD, which were known or should have been known to Defendant." DI 2 at ¶ 10. While post-traumatic stress disorder may constitute a disability for purposes of the ADA, merely asserting the existence of a medical condition is insufficient to allege disability for purposes of an ADA claim. *See, e.g., Mundy v. City of Pittsburgh*, 2022 WL 2068586, at *6 (W.D. Pa. June 8, 2022) (dismissing ADA discrimination claim because plaintiff's complaint "does not contain adequate details regarding [her] asthma condition"). Without allegations that Vanessa P. has a disability under the ADA, her claims are not plausible. *See Atamian v. Burns*, 236 F. App'x 753, 755 (3d Cir. 2007) (*per curiam*) (affirming district court's dismissal of ADA claim where the plaintiff "failed to allege that he is a disabled person within the meaning of the ADA"); *see also Van Der Poel v. Mannheim Auto Auction*, 2009 WL 1754598, at *1 (E.D. Pa. June 18, 2009) ("Even accepting, as the Court must, all the allegations in the Complaint as true, Plaintiff's claim under the ADA fail [sic] because Plaintiff has failed to allege that he is a disabled person within the meaning of the ADA."). Vanessa P. also fails to provide any factual allegations regarding her role at Oliver, whether she was qualified to perform the essential functions of her job with or without accommodations, or what accommodation she requested and why. Without these basic facts, Vanessa P.'s ADA discrimination claims are not plausible and must be dismissed. *See Kerr v. County of Allegheny*, 2026 WL 1068204, at *3 (3d Cir. Apr. 20,

5

2026) (affirming dismissal of ADA claims because "the Complaint only asserts perfunctorily that the Defendants discriminated against her on the basis of her disability but fails to allege any facts from which such a conclusion can reasonably be inferred"); *Brister v. Emp. Opportunity & Training Ctr. of Ne. Pa. Inc.*, 2023 WL 4424255, at *2 (M.D. Pa. July 10, 2023) (dismissing ADA claim for failure to accommodate where plaintiff alleged only in conclusory fashion that her employer failed to provide reasonable accommodations for her disability).  The court will, however, grant Vanessa P. leave to amend if she can allege additional facts to state a plausible claim under the standards set forth above.

### B.      ADA and Title VII Retaliation Claims

Vanessa P.'s retaliation claims under the ADA and Title VII also fail.[4]  For a retaliation claim under Title VII or the ADA to be plausible, a plaintiff must plead sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence of the following elements: (1) she engaged in conduct protected by Title VII or the ADA; (2) the employer took adverse action against her; and (3) a causal link exists between her protected conduct and the employer's adverse action.  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). Title VII protects "those who oppose discrimination made unlawful by Title VII."  *Moore v. City of Philadelphia*, 461 F.3d 331, 341 (3d Cir. 2006).  Not every complaint about employment entitles its author to protection from retaliation under Title VII.  *See Burlington N. & Santa Fe Ry.*, 548 U.S. at 68 (noting that Title VII does not "set forth a general civility code for the

---

[4] Vanessa P.'s retaliation claims under the ADA and Title VII can be consolidated for purposes of determining plausibility.  *See e.g., Canada v. Samuel Grossi & Sons, Inc.*, 49 F.4th 340, 346 (3d Cir. 2022) (addressing Title VII and ADA retaliation claims together); *Fowler v. AT&T, Inc.*, 19 F.4th 292, 298 (3d Cir. 2021) (stating that claims under the ADA, ADEA, and Title VII all generally align); *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997) ("we analyze ADA retaliation claims under the same framework we employ for retaliation claims arising under Title VII.").

American workplace" (internal quotation marks omitted)). "Rather, only complaints about discrimination prohibited by Title VII [or the ADA]—that is, discrimination on the basis of race, color, religion, sex, or national origin, 42 U.S.C. § 2000e-2 [or disability, 42 U.S.C. §§ 12101 *et seq.*]—constitute 'protected activity.'" *Davis v. City of Newark*, 417 F. App'x 201, 202-03 (3d Cir. 2011) (*per curiam*) (citing *Barber v. CSX Distrib. Servs.*, 68 F.3d 694, 701-02 (3d Cir. 1995)). "Thus, for a complaint to amount to 'protected activity,' it must implicate an employment practice made illegal by Title VII [or the ADA]." *Id*. at 203 (citing *Curay-Cramer v. Ursuline Acad. of Wilmington, Del.*, *Inc.*, 450 F.3d 130, 135 (3d Cir. 2006)). "General complaints of unfair treatment will not suffice." *Id*. (citing *Barber*, 68 F.3d at 702).

Vanessa P. fails to allege in non-conclusory terms that she engaged in protected conduct. She asserts that Oliver "retaliated against [her] for engaging in protected activity, including complaining about treatment and/or requesting accommodation." DI 2 at ¶ 15. She does not, however, provide any facts describing what adverse treatment she experienced, what accommodations she requested, or what "protected activity" she alleges prompted the adverse employment actions. Because her allegations are entirely conclusory, Vanessa P's Title VII and ADA retaliation claims are not plausible and will be dismissed.

### C.     Title VII Wrongful Termination Claims

Finally, the court understands Vanessa P. to assert a Title VII wrongful termination claim. This claim is also not plausible. Title VII prohibits discriminatory employment practices based upon an individual's "race, color, religion, sex, or national origin." *See* 42 U.S.C. § 2000e–2. To state a claim for employment discrimination under Title VII, a plaintiff must allege sufficient facts to raise a reasonable expectation that her membership in a protected class was "either a 'motivating' or 'determinative' factor" in her employer's adverse employment action.

*Connelly*, 809 F.3d at 789.  A plaintiff alleging a Title VII claim for discriminatory discharge may do so by alleging that: (1) she is a member of a protected class; (2) she was qualified for the position; (3) she was discharged; and (4) the employment action suggests an inference of discrimination because of her membership in the protected class, such as might occur when the position is filled by a person not of the protected class.  *Reese v. Horizon Blue Cross Blue Shield of N.J.*, 2008 WL 5188853, at *2 (D.N.J. Dec. 10, 2008) (citing *Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1066 n. 5 (3d Cir. 1996); *see also Theophane v. Homeland Intel., LLC*, 2025 WL 887813, at *3 (E.D. Pa. Mar. 21, 2025).  However, to plead a claim under Title VII, the complaint need not allege each element of a *prima facie* case as set out by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) ("a plaintiff is not required to establish the elements of a prima facie case but instead, need only put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element.'") (citation modified).  Rather, a complaint must allege facts that provide fair notice of a plaintiff's claim and demonstrate a plausible right to relief.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level").

Vanessa P. appears to allege that her termination was related to a medical issue rather than based on her race, color, religion, sex, or national origin.  She therefore does not allege a basis for a plausible Title VII claim.  See *Patterson v. AFSCME #2456*, 320 F. App'x 143, 147 (3d. Cir. 2009) (affirming dismissal of plaintiff's Title VII claim because Plaintiff "did not claim she suffered discrimination on the basis of a characteristic protected by Title VII.  Rather, she argued that she suffered discrimination on account of her cognitive disabilities" (citation and

footnote omitted)); *see McClaren v. NJ State Dep't of Educ.*, 2015 WL 337481, at *5 (D.N.J. Jan. 26, 2015) ("Here, Plaintiff has failed to allege the most fundamental element: that she is a member of a protected class for the purposes of Title VII . . . Membership in a protected class is a fundamental aspect of a Title VII claim and in the absence of any pleadings regarding what protected class Plaintiff is a member [of], the claim fails on this basis."). Moreover, other than the conclusory statements that "Defendant discriminated against Plaintiff based on protected characteristics in violation of federal law" and "Plaintiff was terminated as a result of unlawful discrimination and retaliation," the complaint does not include any allegations suggesting that Vanessa P. was terminated because of her membership in a protected class. *See, e.g.*, *Favors v. Sec'y U. S. Dep't of Veterans Affs.*, 695 F. App'x 42, 44 (3d Cir. 2017) (*per curiam*) (affirming dismissal of Title VII race discrimination claim where plaintiff "included no allegations whatsoever linking his termination to his race" ); *see also Santos v. Iron Mountain Film & Sound*, 593 F. App'x 117, 119 (3d Cir. 2014) (*per curiam*) (affirming dismissal of national origin discrimination claim where plaintiff had "submitted nothing but the naked assertion that he was discharged because he is Honduran").  Because she fails to allege any facts indicating that she suffered discrimination based on her membership in a protected class, Vanessa P.'s Title VII wrongful termination claim is not plausible and will be dismissed.

## IV.    CONCLUSION

For the foregoing reasons, the court will grant Vanessa P. leave to proceed *in forma pauperis* and dismiss the complaint without prejudice for failure to comply with the Federal Rules of Civil Procedure and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Cognizant of Vanessa P.'s *pro se* status, the court will grant her an opportunity to flesh out her claims by explaining in an amended complaint the

"'who, what, where, when and why' of [her] claim[s]." *See Davis v. Internal Revenue Serv.*, 2022 WL 407639, at \*3 (E.D. Pa. Feb. 9, 2022) (citing *Gambrell v. S. Brunswick Bd. of Educ.*, 2019 WL 5212964, at \*4 (D.N.J. Oct. 16, 2019)).  An appropriate order follows containing additional instructions as to amendment.